IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER L. DOWNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-712-M |
| ) | |
| JO ANNE BARNHART, ) | |
| Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff Jennifer Downs seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should affirm.[1]

I.   BACKGROUND

Ms. Downs applied for benefits based on an alleged disability. Administrative Record at pp. 51-53, 291-94 (certified Aug. 10, 2004) ("Rec."). The SSA denied the applications initially and on reconsideration. *Id.* at pp. 20-21, 295, 298. United States Administrative Law Judge Kim Parrish conducted a hearing, applied the five-step process mandated under 20 C.F.R. §§ 404.1520(b)-(f) and 416.920(b)-(f), and rejected the Plaintiff's applications at step five. *Id.* at pp. 14-18 (decision), pp. 301-17 (hearing).[2]

---

[1]   The Court has referred the action to the undersigned for findings and recommendations on dispositive matters. Order of Referral to United States Magistrate Judge (June 16, 2004).

[2]   At step one, the administrative law judge found that the Plaintiff had not engaged in substantial gainful activity since her alleged onset date. Rec. at pp. 14, 17.

At step two, Judge Parrish found that Ms. Downs had a severe impairment involving

The Appeals Council declined jurisdiction,[3] and the present action followed. Ms. Downs alleges an improper assessment of her credibility and disregard of her mental impairment. Plaintiff's Opening Brief at pp. 10-13 (Jan. 5, 2005) ("Plaintiff's Opening Brief"); Plaintiff's Reply Brief at pp. 2-5 (Mar. 18, 2005) ("Plaintiff's Reply Brief").

II.     STANDARD OF REVIEW

The Court's review entails only a determination of whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Emory v. Sullivan*, 936 F.2d 1092, 1093 (10th Cir. 1991). Evidence is substantial if it is more than a scintilla and less than a preponderance. *See Sisco v. United States Department of Health & Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). The Court must review the entire record to determine whether the evidence supporting the SSA's decision is substantial in light of any contradicting evidence. *See Nieto v. Heckler*, 750 F.2d 59, 61 (10th Cir. 1984). If the SSA's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is

---

agoraphobia. *Id.* at pp. 15, 17.

At step three, the judge found that the Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing". *Id.* at pp. 15, 18.

At step four, the judge determined that Ms. Downs retained the residual functional capacity to perform medium work as long as it involved limited contact with peers and supervisors. *Id.* at pp. 16, 18; *see infra* p. 6. Based on this assessment, the judge determined that Ms. Downs could not perform her past relevant work. Rec. at pp. 16, 18.

At step five, Judge Parrish determined that the Plaintiff had the residual functional capacity to work as a laundry worker, hand packer, price stamper, or shirt presser. *Id.* at p. 17. Thus, at step five, the judge determined that Ms. Downs was not disabled. *Id.* at pp. 17-18.

[3]     Rec. at pp. 5-6.

necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). However, a court may not reweigh the evidence or substitute its judgment for that of the SSA. *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1498 (10th Cir. 1992).

III.   THE CREDIBILITY DETERMINATION

The administrative law judge found that the Plaintiff suffered from nonexertional limitations. Rec. at pp. 15-17; *see supra* note 2. However, Judge Parrish also concluded that the claimant's allegations were not totally credible. Rec. at pp. 16, 18. According to Ms. Downs, the administrative law judge had failed to explain his credibility determination. Plaintiff's Opening Brief at pp. 10-13; Plaintiff's Reply Brief at pp. 2-4. The Court should reject this argument.

Judge Parrish had to consider the objective and subjective evidence and decide whether he believed Ms. Downs' allegations concerning her nonexertional impairments.[4] *See Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987). In assessing the Plaintiff's credibility, the administrative law judge was obligated to consider such factors as:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the [administrative law judge], the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991).

---

[4]   Ms. Downs had alleged a disability due to an affective mood disorder and anxiety related disorder. *See* Rec. at pp. 20-21, 295, 298.

According to the Plaintiff, "[t]he [administrative law judge] simply failed to provide an explanation for his finding that Ms. Downs's testimony was not credible." Plaintiff's Opening Brief at p. 11. This characterization is inaccurate, as Judge Parrish adequately explained his findings.

At the hearing, Ms. Downs testified:

Q. What happened in '98 that you've not been able to work since that time?

A. I just can't go out very often. I mean, I got to where I'd get to work and I'd feel sick. I would -- my heart would start pounding. I feel, you know, feel like I'm going to have a heart attack, and I just couldn't stay at work. I just couldn't be around people.

Rec. at p. 305.

The administrative law judge found that Ms. Downs had exaggerated her mental limitations when she regarded herself as unable to work. *Id.* at p. 16. But the judge did not entirely reject Ms. Downs' subjective allegations or state that she was not credible. Instead, Judge Parrish concluded that Ms. Downs had: (1) severe depression and anxiety secondary to agoraphobia; (2) moderate limitations in her social functioning and activities of daily living; and (3) mild difficulties in concentration, persistence, and pace. *Id.* at p. 15. This assessment of Ms. Downs' credibility was thoroughly explained in Judge Parrish's decision.

First, the judge explained that he was relying on the opinions of a consultative examiner and treating doctor. For example, the judge pointed to the opinion of consultative

examiner Dr. Robert Danaher, who had opined that: (1) the Plaintiff was oriented to time, person, and place; (2) her contact with reality was good; (3) her memory was intact; (4) her attention and concentration were adequate; and (5) her judgment was good.  *Id.* at p. 15; *see id.* at pp. 105-106.

Second, the judge noted that treating doctors had reported abuse of prescribed medications and "'drug seeking' behavior." *Id.* at pp. 15, 16; *see id.* at pp. 142, 144-45, 152, 157, 164, 171 (medical records relating incidents of drug-seeking behavior and suspected prescription drug abuse); *see also Anderson v. Barnhart*, 344 F.3d 809, 815 (8th Cir. 2003) ("A claimant's misuse of medications is a valid factor in an [administrative law judge's] credibility determinations.").

Third, Judge Parrish noted that on one occasion, her physician regarded the complaints as "not credible." Rec. at p. 16.  This explanation was reasonable, as Dr. Dixon remarked during the alleged disability period:

> At one time during the interview [Ms. Downs] became very tearful and offered suggestions of a current suicidal tendency but when I offered protection from self injury in the form of an inpatient environment to also help further evaluate her emotional distress, she became extremely angry and defensive to the point that I lost any sincere concern for the credability [sic] of her comments of extreme sadness with a suicidal nature.

*Id.* at pp. 144-45.

Judge Parrish reviewed the record and drew reasonable conclusions about the impact of Ms. Downs' mental illness on her ability to work.  As a result, the Court should reject Ms.

5

Downs' challenge to the credibility determination. *See Sneed v. Barnhart*, 88 Fed. Appx. 297 (10th Cir. Jan. 30, 2004) (unpublished op.).[5]

IV.   THE ASSESSMENT OF MENTAL LIMITATIONS AT STEP FOUR

At step four, the administrative law judge found that Ms. Downs could perform medium work as long as it involved "relative isolation with limited contact with peers and supervisors." Rec. at p. 16; *see supra* note 2. According to the Plaintiff, the judge made this finding only because he had ignored Ms. Downs' testimony and the opinion of an agency physician, Dr. Robert Danaher. Plaintiff's Opening Brief at pp. 11-13. As a result, the Plaintiff alleges that the finding did not adequately reflect her mental impairment. *Id.* The Plaintiff is incorrect.

A.   The Plaintiff's Testimony

Judge Parrish did not ignore Ms. Downs' testimony about a mental impairment.

In evaluating the Plaintiff's claim, the administrative law judge stated:

The claimant has alleged disability since February 8, 1998. The claimant alleges she is unable to work because of depression and anxiety. She reported that she has had problems with depression at least since 1984. She said she

---

[5] In *Sneed v. Barnhart*, the administrative law judge set forth the medical evidence, summarized the plaintiff's testimony, and found that "[the plaintiff's] impairments related to functional limitations [were] not supported by objective medical findings to the extent alleged" and "[the plaintiff's] allegations regarding his limitations [were] not totally credible for the reasons set forth in the body of the decision." 88 Fed. Appx. at 302. In part, the plaintiff alleged that the administrative law judge had failed to explain his credibility determination. *See id.* at 301. The Tenth Circuit Court of Appeals rejected this claim and stated: "In light of the recitation of the relevant evidence, we cannot say that the [administrative law judge] simply rejected Mr. Sneed's credibility in a conclusory fashion. Instead, it was sufficiently specific to satisfy Social Security Ruling 96-7p and Tenth Circuit requirements." *Id.* at 302 (citation omitted).

> saw a mental health counselor once a month for about four years, although she did not think it helped her very much. She stated that she seldom left her home and that she avoided crowds of people. Her conditions reportedly have been exacerbated by marital problems and the care and death of her mother.

Rec. at p. 15. This recitation reflects Judge Parrish's consideration of the Plaintiff's testimony.

Ms. Downs did express a feeling that she could not work because of anxiety experienced when she was "around people." *Id.* at p. 305; *see supra* p. 4. But Judge Parrish accounted for this limitation in his findings, stating that Ms. Downs needed "to work in relative isolation with limited contact with peers and supervisors." Rec. at p. 16; *see supra* p. 6 & note 2. Although Judge Parrish did not find Ms. Downs "totally" credible, he had a reasonable basis for the assessment and accounted for her stated difficulties in being around others. *See supra* pp. 3-6. To the extent that Judge Parrish discounted Ms. Downs' allegations, the undersigned has elsewhere determined that the credibility findings should not be disturbed. *See supra* pp. 3-6.

B.  Dr. Danaher's Opinion

Ms. Downs also alleges disregard for the opinion of agency physician Dr. Robert Danaher, who had assessed the level of functioning at 50 on the Global Assessment Function ("GAF") scale.[6] Plaintiff's Opening Brief at p. 12. According to the Plaintiff, the GAF score

---

[6] The GAF scale ranges from 1-100 and is used by clinicians to report an individual's overall level of functioning. *See* American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders at p. 32 (4th ed. 2000) ("DSM-IV").

of 50 reflected "serious symptoms" and the administrative law judge failed to explain his rejection of the assessment. *Id.* This argument is invalid.[7]

The Tenth Circuit Court of Appeals rejected a similar argument in *Zachary v. Barnhart*, 94 Fed. Appx. 817 (10th Cir. Apr. 14, 2004) (unpublished op.). There an agency physician rated the plaintiff with a GAF score of 45, and he alleged a failure by the SSA to consider the rating. *See Zachary v. Barnhart*, 94 Fed. Appx. at 819. The appellate court rejected the plaintiff's argument for two independent reasons. First, the rating "[did] not support an impairment seriously interfering with [the plaintiff's] ability to work." *Id.* Second, the administrative law judge limited the plaintiff to "simple, routine instructions and [no] contact with the general public." *Id.*

---

[7] Within this argument, Ms. Downs also states: "Even the Agency Consultative Examining Psychiatrist, Dr. Robert Danaher, Psy, D., opined that Ms. Downs's mental impairments would prevent her from maintaining gainful employment." Plaintiff's Opening Brief at p. 12. For two reasons, the Court should reject the apparent suggestion that the administrative law judge had ignored this opinion.

First, the Plaintiff's allegation regarding Dr. Danaher's opinion is inaccurate. Dr. Danaher never stated that Ms. Downs' mental impairments would prevent gainful employment. The opinion apparently referenced by the Plaintiff is Dr. Danaher's diagnosis of "Axis IV Unemployment." *Id.*; Rec. at p. 107. Mental health professionals employ a "multiaxial" approach to the diagnoses of mental disorders. DSM-IV at p. 27. Each axis, numbered one through five, refers to a different domain of information to help the clinician plan treatment. *See id.* "Axis IV" is used to report psychosocial and environmental problems that may affect the diagnosis, treatment, and prognosis of mental disorders. *See id.* at p. 31. Thus, Dr. Danaher's reference to "Axis IV Unemployment" did not imply an inability to perform any gainful employment.

Second, even if Dr. Danaher had stated that Ms. Downs' impairments would have prevented employment, Judge Parrish would not have been bound by the opinion. *See* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2) (2004) ("the final responsibility for deciding [the issue of disability] is reserved to the Commissioner").

*Zachary v. Barnhart* is persuasive[8] for two reasons.

First, Ms. Downs' GAF rating of 50 resembles the rating that was allegedly ignored in *Zachary v. Barnhart*.[9]

Second, the *Zachary* court relied in part on the administrative law judge's acknowledgment that the Plaintiff could not work in an environment requiring contact with the general public. *See supra* p. 8. And here, the administrative law judge acknowledged that Ms. Downs could only work in an environment involving limited contact with peers and supervisors. *See supra* p. 6 & note 2.

For both reasons, the *Zachary* court's rationale is equally applicable here. Dr. Danaher's GAF rating would not have implied a disability, and Judge Parrish's findings included heavy restrictions on interpersonal contact. These factors required rejection of the claim in *Zachary*, and the same is true here.

V.     RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should affirm the decision of the SSA.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The objections are due May 11, 2005. *See* W.D. Okla. LCvR 72.1(a). If a party does not file written objections by May 11, 2005, she would

---

[8]     *See* Tenth Cir. R. 36.3(B).

[9]     Like the GAF rating of 45 in *Zachary v. Barnhart*, a GAF rating of 50 would indicate "serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." DSM-IV at p. 34 (emphasis in original).

waive any right to appellate review. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

VI.   STATUS OF THE REFERRAL

The referral to the undersigned is terminated.

Entered this 21st day of April, 2005.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge